(No. 3548—

Ezra Collins, Claimant, vs. State of Illinois, Respondent.

*Opinion filed May 12, 1942.*

*Supplemental opinion filed September 8, 1942.*

Lloyd L. Voyles, for claimant.

George F. Barrett, Attorney General; Glenn A. Trevor, Assistant Attorney General, for respondent.

FISHER, J.

Claimant alleges in his complaint that he is a resident of Edwards County, State of Illinois, and has continuously so resided for more than twenty-five years last past.

That on August 3, 1939, he was employed by the Division of Highways of the State of Illinois, as a laborer, engaged in the work of cleaning certain State Highways, for which he was paid at the rate of Fifty Cents ($.50) per hour, in which work he had previously been employed on numerous occasions.

That on said date claimant was, with other employees of the State Highway Department of the State of Illinois, engaged in cleaning State Highway No. 130 where it runs through the Incorporated City of Albion, Edwards County, Illinois; that upon completion of said work on said Highway No. 130, an employee regularly employed by the Division of Highways ordered the claimant, together with other laborers, to get on the State Highway truck then operated by an employee of the Division of Highways of the respondent, to go from State Highway No. 130 to State Highway No. 15 on the opposite side of said City of Albion, to engage in cleaning said State Highway No. 15.

That the claimant stood on the running board of said highway truck, and while so standing on the said running board while the truck was in motion, claimant sought to reach for a sheet of paper which was blown from under said truck, and in so doing slipped and fell from the running board of said truck so that he was dragged for some distance and the wheels of said truck passed over him, inflicting the following injuries: Separation of symphysis pubis (about 2.5 cm.) and separation of L. sacro-iliac joint.

That on account of said injuries claimant was confined to the Olney Sanatorium in the City of Olney, Richland County, Illinois, and also to his home for a considerable period of time, and suffered and continues to suffer great physical pain.

Claimant further alleges that since August 3, 1939, he has been wholly incapacitated from performing any labor whatsoever as a result of said injuries.

That respondent has paid for services rendered to claimant on account of said injuries, the sum of Three Hundred Thirty-five Dollars ($335.00), and in addition has paid the claimant temporary total disability in the amount of One Hundred Eighty Dollars ($180.00) for the period from August 3, 1939, including January 1, 1940.

That by reason of his injuries claimant is totally disabled from performing any duties whatsoever, and is wholly without means of support, and seeks to recover damages in the amount of Five Thousand Dollars ($5,000.00), together with such other relief as to the court may seem proper.

The record in this case consists of the complaint, report of the Division of Highways dated October 15, 1940, signed by M. K. Lingle, Engineer of Claims, transcript of evidence produced on behalf of claimant, motion of claimant waiving his right to file brief herein, motion to dismiss on behalf of respondent, and statement, brief and argument thereon.

As the respondent had immediate notice of the accident, and the claim was filed in apt time, this court has jurisdiction of the matter.

The record contains considerable testimony relative to the nature of claimant's injuries. However, before considering this we will dispose of the motion made on behalf of respondent asking that the claim be dismissed on the grounds that the accident suffered by claimant did not arise out of and in the course of his employment. Claimant was employed by the State occasionally to assist Emory A. Goodlink to clean such parts of the city streets of Albion as lay within the confines of the State highway routes, as were designated by Mr. Goodlink. The evidence clearly shows that the accident took place on a city street of Albion, while claimant was being transported from one State route to another to continue his work. It was Goodlink's intention, which he had started to carry out, to leave State Highway No. 15, proceed west on Elm Street for two or three blocks and then turn south, proceed one block and reenter Route No. 15 where work was to be resumed.

It was part of claimant's work to be transported from one place of work to another. At the time claimant was injured he was being so transported. He was riding in or on a vehicle of respondent being operated by the foreman or supervisor in charge of this particular work. It cannot be

reasonably charged that claimant was violating orders by standing on the running board of the vehicle while it was in motion when the vehicle was being operated by his superior under whose orders claimant was working. Claimant was permitted so to ride and while so riding was injured. From the evidence before us it appears claimant was injured in the course of and within the scope of his employment. The extent of the injury, however, is not clear from the evidence.

Respondent, in its motion to dismiss, "reserves the right, if the court should overrule this motion, to introduce evidence as to the merits of the claimant's claim."

The motion to dismiss is denied and respondent is given sixty days additional time to present evidence as to the merits of this claim and the extent of the injury. In determining the time for the presentation of additional evidence the court is mindful of the fact that this claim was filed on October 9, 1940. On January 23, 1941, the transcript of evidence was filed. It was not until March 25, 1942, that respondent filed its motion to dismiss; an unwarranted delay and a hardship on claimant regardless of the merits of the claim.

The complaint filed herein fails to comply with Rules 5(a) and 5(b) of this court, and, therefore, is insufficient on which to base an award. To comply with said rules claimant is given thirty days to amend his complaint, and in the event he fails to so amend, the claim will be dismissed.

### SUPPLEMENTAL OPINION.

FISHER, J.

In an opinion heretofore filed in this case, respondent's motion to dismiss was denied. Respondent was given sixty (60) days additional time to present evidence as to the merits of the claim and the extent of the injury, and claimant was given thirty (30) days to amend his complaint, to comply with Rules 5(a) and 5(b). Claimant's amended complaint was filed in apt time and now complies with the rules of this court. As no additional evidence was presented by respondent, pursuant to leave granted, the court will decide this case on its merits from the record as it now stands.

As indicated in the previous opinion, the court finds that claimant was injured in the course of and within the scope of his employment. There now remains to be determined the

extent of claimant's injury and the amount of award to which he is entitled.

With respect to the degree of permanent partial disability of claimant, the two doctors who testified have a considerable difference of opinion. Dr. Boston stated 75 per cent, which might be minimized by time and treatment, and Dr. Nierenberg who took care of claimant, 25 per cent. It would appear, therefore, from the record, that claimant is partially incapacitated, and the nature of his injury such that he would be entitled to an award under Section 8, Paragraph (d) of the Workmen's Compensation Act, which provides as follows:

"If, after the injury has been sustained, the employee as a result thereof becomes partially incapacitated from pursuing his usual and customary line of employment, he shall, except in cases covered by the specific schedule set forth in paragraph (e) of this section, receive compensation, subject to the limitations as to time and maximum amounts fixed in paragraphs (b) and (h) of this section, equal to fifty per centum of the difference between the average amount which he earned before the accident and the average amount which he is earning or is able to earn in some suitable employment or business after the accident."

However, from the record before this court, it is unable to determine the average amount which claimant earned before the accident and the average amount which he is earning or is able to earn in some suitable employment or business after the accident. Neither is the court able to determine from the record, the period of claimant's temporary total incapacity. The burden of proof being upon the claimant, and for the reasons herein stated, the court is unable to determine the amount of the award.

Award is therefore denied.